## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| Hmong College Prep Academy,<br><br>        Plaintiff,<br><br>      v.<br><br>Woodstock Capital, LLC, and Clark Reiner,<br><br>        Defendants. | Case No.: 21-CV-1721 (PAM/BRT)<br><br><br>**PLAINTIFF'S RESPONSES TO DEFENDANTS' REQUESTS FOR DOCUMENTS** |

**TO:   Defendants Woodstock Capital, LLC and Clark Reiner, by and through their attorney of record (Mathew M. Meyer, Meyer Law Office, 437 4th Ave. East, Shakopee, MN 55379).**

Pursuant to Rules 33, 34, and 36 of the Federal Rules of Civil Procedure, Plaintiff Hmong College Prep Academy (" HCPA" or "Plaintiff") submits the following responses and objections (the "Responses," and each a "Response") to Defendants' Requests for Documents to Plaintiff ("Request for Documents") served in connection with the above-captioned action (the "Action") by Defendants Woodstock Capital, LLC, and Clark Reiner ("Woodstock," "Reiner" or "Defendant(s)").

## <u>GENERAL OBJECTIONS</u>

All of the General Objections set forth below are hereby incorporated by reference into each specific Response set forth below, and have the same force and effect as if fully set forth therein.

Plaintiff objects to the Request for Documents to the extent that they seek to impose a continuing duty to supplement or otherwise require actual supplementation beyond that

required by the applicable Federal Rules of Civil Procedure. Plaintiff reserves the right to, and will, supplement its Responses as required by the applicable Federal Rules of Civil Procedure.

Plaintiff objects to Defendants' use of the Responses in any way that would violate the Federal Rules of Civil Procedure, including without limitation Federal Rule of Civil Procedure 36. Pursuant to Rule 36(b), any admission made is for the purpose of the Action only and is not an admission for any other purpose; nor may these Responses be used against Plaintiff in any other proceeding or action.

The Responses set forth below are for the purposes of discovery only, and Plaintiff neither waives nor intends to waive, but expressly reserves, any and all objections it may have to the relevance, competence, materiality, admissibility, or use at any trial or evidentiary hearing in the Action of any information produced, identified, or referred to herein, or to the introduction of any evidence at any trial or evidentiary hearing in the Action relating to the subjects covered by these Responses. The absence of a specific objection to any Request for Documents shall not be interpreted as a representation that responsive information exists or that acknowledges the appropriateness of that Request for Documents. Furthermore, Plaintiff reserves the right to object to further discovery into the subject matter of the Request for Documents.

Plaintiff objects to the Request for Documents on the grounds that it has not completed discovery in this Action or its preparation for any trial or evidentiary hearing that may be held in this Action. For these reasons, there may exist information or documents of which Plaintiff does not yet have knowledge or has not yet located,

identified, or reviewed. The Responses set forth below are based only on the information and documents that are presently known or available to Plaintiff. Plaintiff reserves all rights to supplement or amend these Responses.

Plaintiff objects to the Request for Documents to the extent that they are duplicative of one another, cumulative, seek information or documents that have already been produced by Plaintiff in conjunction with its Initial Disclosures in this Action, or seek information or documents that may be obtained from other sources or through other means of discovery that are more convenient, more efficient, more practical, less burdensome, and/or less costly.

Plaintiff objects to the Request for Documents to the extent they seek information or documents in the public domain that are thereby equally accessible to Defendants. Plaintiff's production of any such information or documents shall not be deemed a waiver of this objection as it applies to other information or documents in the public domain.

Plaintiff objects to the Request for Documents to the extent they require Plaintiff to create responsive documents, rather than merely produce documents that currently exist and are in Defendants' possession, custody, or control.

Plaintiff has numerous employees, and a significant amount of time has passed since most (if not all) of the events underlying the allegations, claims, and defenses in this Action took place. For these reasons, Plaintiff objects to the Request for Documents to the extent they require Plaintiff to do anything other than conduct a reasonable search—within a reasonable timeframe—of the sources reasonably likely to contain responsive information and documents.

Plaintiff objects to the Request for Documents to the extent they seek the disclosure of information or documents protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege, doctrine, or immunity. The inadvertent production of any such protected material shall not constitute a waiver of any privilege, protection, or immunity, and Plaintiff and its counsel reserve the right to demand the return of any such inadvertently produced material.

Plaintiff objects to this Request for Documents because a Protective Order has not yet been entered in the above-captioned matter. Plaintiff will not produce documents responsive to this Request unless and until an acceptable Protective Order has been entered by the Court.

Plaintiff objects to the Request for Documents to the extent they seek information and documents protected by statutory, regulatory, contractual, court-ordered, or common law restrictions on disclosure. The inadvertent production of any such protected material shall not constitute a waiver of any privilege, protection, or immunity, and Plaintiff and its counsel reserve the right to demand the return of any such inadvertently produced material.

Plaintiff objects to the Request for Documents to the extent they seek to impose on Plaintiff an obligation that is greater than or different from those set forth in the Federal Rules of Civil Procedure, including Rules 26, 33, 34, and 36, the Local Rules, or any other applicable rule or court order, including any order governing e-discovery or ESI.

Plaintiff objects to the Request for Documents to the extent that they are vague, ambiguous, overbroad, or unduly burdensome. Plaintiff likewise objects to the Request for Documents to the extent that they seek documents and information not relevant to the

subject matter of the Action, and/or seek documents and information not relevant to a party's claim or defense.

Plaintiff objects to the Request for Documents to the extent that they seek documents or information not in the possession, custody, or control of Plaintiff. The Responses are based solely on information known or available to Plaintiff. Plaintiff reserves the right to supplement its Responses in the event that additional documents or information are located or identified. Plaintiff's Responses are not intended to be an admission or representation that additional or different documents, information, or facts do not exist.

A Response to a specific Request for Documents which states that Plaintiff will produce documents is not a representation that such documents exist or have ever existed, but instead is a representation that, to the extent such documents do exist, are in the possession, custody, or control of Plaintiff, and can be located through a reasonable search, they will be produced in accordance with the terms of the Responses at a time mutually agreed upon by Plaintiff and Defendants.

By responding to the Request for Documents or producing any documents, Plaintiff does not admit to Defendants' characterization of any documents, facts, theories, or conclusions; nor does Plaintiff admit that any such Responses or documents reflect any fact, conclusion, or characterization.

Plaintiff objects to the Request for Documents to the extent they contain legal conclusions or inaccurate, incomplete, or misleading descriptions of the facts, persons, events, and pleadings in the Action. Any production of documents in response to Request

for Documents shall not constitute Plaintiff's agreement with, or admission to, any such description.

Plaintiff objects to the Request for Documents to the extent they are not proportional when considering the burden or expense of the proposed discovery weighed against its likely benefit, given the matters at issue in the Action and other relevant considerations. Plaintiff objects to the Request for Documents to the extent they seek documents and information that requires extensive or unreasonable investigation by Plaintiff. Such Request for Documents are calculated to harass Plaintiff and are overly broad and unduly burdensome.

The foregoing General Objections shall be considered as made, to the extent applicable, in response to each Request for Documents hereunder, and/or the Objections to Instructions, as if the General Objections were fully set forth in each Response or in each of the Objections to Instructions. The failure of to include any objection in any of the Responses shall not be construed as a waiver of Plaintiff's right to interpose such objection in the future.

## RESPONSES TO REQUESTS FOR DOCUMENTS

**DOCUMENT REQUEST NO. 1**: All Documents that constitute, refer or relate to any investments or proposed investments made on behalf of Plaintiff HCPA in which Dr. Christianna Hang was involved from January 1, 2015 to the present.

**RESPONSE:**        Plaintiff objects to this Request as vague and ambiguous because the terms "investments or proposed investments" and "was involved" are undefined and subject to multiple interpretations. Plaintiff objects that this Request is temporally overbroad because it seeks information relating to investments or proposed investment that

pre-date the allegations in the Complaint and have no relevance to any party's claims or defenses. Plaintiff also objects to this Request as overly broad, unduly burdensome, and disproportional to the needs of the case because it seeks documents that "refer or relate to any investments or proposed investments" which, other than Plaintiff's investment with the Woodstock Hedge Fund, are not relevant to this case. Plaintiff further objects to this Request to the extent that it seeks information protected by the attorney-client privilege or the attorney work product doctrine. Subject to these objections and without waiving its General Objections, Plaintiff will produce non-privileged, responsive documents relating Plaintiff's investment with the Woodstock Hedge Fund from January 1, 2019 to the Present within its possession at a mutually agreed upon time and location. Plaintiff will not produce any Documents responsive to this Request until the Parties have stipulated to and the Court has entered an appropriate Protective Order.

**DOCUMENT REQUEST NO. 2:** All Documents constituting, referencing, or relating to communications between HCPA and Kay Yang.

**RESPONSE:**        Plaintiff objects that this Request is temporally overbroad because it seeks "all" communications between HCPA and Kay Yang regardless of when they occurred. Plaintiff objects that this Request is overly broad, and unduly burdensome, and disproportional to the needs of the case because it seeks all communications between HCPA and Kay Yang without regard to whether those communications relate to Defendants or the investments at issue in this case or whether those communications have relevance to any party's claims or defenses. Subject to these objections and without waiving its General Objections, Plaintiff will produce non-privileged, responsive

documents relating to communications between Plaintiff and Kay Yang relating to Plaintiff's investment with the Woodstock Hedge Fund within its possession at a mutually agreed upon time and location. Plaintiff will not produce any Documents responsive to this Request until the Parties have stipulated to and the Court has entered an appropriate Protective Order.

**DOCUMENT REQUEST NO. 3**: All Documents upon which You relied, referenced, or which is related to any of Your answers to Defendants' Interrogatories, including, specifically, all Documents supporting any claims made by HCPA against the Defendants.

**RESPONSE:**        Plaintiff objects to this Request to the extent it seeks attorney-client privileged communications or work product. Subject to and without waiving these objections and its General Objections, Plaintiff will produce all non-privileged, responsive documents relied upon or referenced in answering Defendants' Interrogatories. Plaintiff will not produce any Documents responsive to this Request until the Parties have stipulated to and the Court has entered an appropriate Protective Order.

**DOCUMENT REQUEST NO. 4:** All Documents that constitute, refer, or relate to any communications between HCPA and any hedge fund or investment institution (including Woodstock Hedge Fund) from January 1, 2018 to December 31, 2021.

**RESPONSE:**        Plaintiff objects to this Request as overly broad, unduly burdensome, and disproportional to the needs of the case to the extent this Request seeks communications with entities other than Defendants and Defendants' related entities, which are not relevant any party's claims or defenses. Plaintiff further objects that this Request is vague and ambiguous, because the terms "hedge fund or investment institution" are undefined and subject to multiple interpretations. Subject to these objections and without waiving its General Objections, Plaintiff will produce non-privileged, responsive

documents that relate to communications between Plaintiff and the Woodstock Hedge Fund within its possession at a mutually agreed upon time and location. Plaintiff will not produce any Documents responsive to this Request until the Parties have stipulated to and the Court has entered an appropriate Protective Order.

**DOCUMENT REQUEST NO. 5:** All Documents constituting, evidencing, or describing all communications between HCPA and any of its professional advisers or auditors (including, but not limited to, James Martin and any advisers with BergenKDV) relating to any prospective investments made, proposed, or considered by HCPA from January 1, 2018 to December 31, 2021.

**RESPONSE:**        Plaintiff objects to this Request as it seeks attorney-client privileged communications and work product. Plaintiff further objects that this Request is overly broad, unduly burdensome, and disproportional to the needs of the case to the extent it seeks communications related to "any prospective investments made, proposed, or considered" which are not relevant to any party's claims or defenses. Plaintiff also objects to this Request as vague and ambiguous because the terms "professional advisers or auditors" and "prospective investments" are undefined and subject to multiple interpretations. Subject to these objections and without waiving its General Objections, Plaintiff will produce non-privileged, responsive documents relating to communications between Plaintiff and its professional advisors or auditors relating to Plaintiff's investment with the Woodstock Hedge Fund within its possession at a mutually agreed upon time and location. Plaintiff will not produce any Documents responsive to this Request until the Parties have stipulated to and the Court has entered an appropriate Protective Order.

**DOCUMENT REQUEST NO. 6:** All Documents constituting, evidencing, or describing any communications between or among any representatives of HCPA, including any member of the school board, faculty, and administrators relating to any prospective

9

investments made, proposed, or considered by HCPA, including, but not limited to, every draft of any minutes, meeting notes, or recordings, whether or not adopted, prepared in connection with any such meetings, from January 1, 2018 to December 31, 2021.

**RESPONSE:**      Plaintiff objects to this Request as it seeks attorney-client privileged

communications and work product. Plaintiff further objects that this Request is overly

broad, unduly burdensome, and disproportional to the needs of the case to the extent it

seeks communications related to "any prospective investments made, proposed, or

considered" which are not relevant to any party's claims or defenses. Plaintiff also objects

to this Request as vague and ambiguous because the term "prospective investments" is

undefined and subject to multiple interpretations. Plaintiff additionally objects to this

interrogatory as overly broad to the extent it seeks documents after Plaintiff's Complaint

was served on June 24, 2021. Subject to these objections and without waiving its General

Objections, Plaintiff will produce non-privileged, responsive documents from January 1,

2018 to June 24, 2021 relating to Plaintiff's investment with the Woodstock Hedge Fund

within its possession at a mutually agreed upon time and location. Plaintiff will not produce

any Documents responsive to this Request until the Parties have stipulated to and the Court

has entered an appropriate Protective Order.

**DOCUMENT REQUEST NO. 7:** All documents constituting, evidencing, or describing any communications between HCPA and any state, local, or federal government agency including, but not limited to, all communications with the Minnesota state auditor's office and the Ramsey County Attorney's office, relating to HCPA's investment, or proposed investment, in any hedge fund (including, but not limited to, Woodstock Hedge Fund).

**RESPONSE:**      Plaintiff objects to this Request as it seeks attorney-client privileged

communications and work product. Plaintiff further objects to the extent any Requested

documents are confidential or to the extent that government officials have instructed or

Requested that Plaintiff not inform Defendants with respect to the existence or contents of such documents or communications. Plaintiff also objects that this Request is overly broad, unduly burdensome, and disproportional to the needs of the case to the extent it seeks communications related to investments "in any hedge fund" which are not relevant to any party's claims or defenses. Plaintiff also objects to this Request as vague and ambiguous because the terms "investment" and "hedge fund" are undefined and subject to multiple interpretations. Subject to these objections and without waiving its General Objections, Plaintiff will produce non-privileged, non-confidential, responsive documents relating to Plaintiff's investment with the Woodstock Hedge Fund within its possession at a mutually agreed upon time and location. Plaintiff will not produce any Documents responsive to this Request until the Parties have stipulated to and the Court has entered an appropriate Protective Order.

**DOCUMENT REQUEST NO. 8:** All documents constituting, evidencing, or describing any communications between HCPA and any representatives of Bethel University, relating to (1) HCPA's investment, or proposed investment, in any hedge fund (including, but not limited to, Woodstock Hedge Fund), or similar investment institution; (2) the management of HCPA with respect to its investment policies, including, specifically, the actions of Dr. Hang; or (3) any investigations related to HCPA's investment activities.

**RESPONSE:**        Plaintiff objects to this Request as it seeks attorney-client privileged communications and work product. Plaintiff further objects that this Request is overly broad, unduly burdensome, and disproportional to the needs of the case to the extent it seeks communications related to "HCPA's investment, or proposed investment, in any hedge fund . . . or similar investment institution" which are not relevant to any party's claims or defenses. HCPA further objects that this Request is vague and ambiguous, as the

11

terms "hedge fund" and "the management of HCPA" are undefined and subject to multiple interpretations. Subject to these objections and without waiving its General Objections, Plaintiff will produce non-privileged, responsive documents relating to Plaintiff's investment with the Woodstock Hedge Fund within its possession at a mutually agreed upon time and location. Plaintiff will not produce any Documents responsive to this Request until the Parties have stipulated to and the Court has entered an appropriate Protective Order.

**MASLON LLP**

Dated: May 16, 2022

By: *s/ Clayton J. Carlson*
    John T. Duffey (#0392157)
    Clayton J. Carlson (#0401182)
3300 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402-4140
Telephone: (612) 672-8200
Facsimile: (612) 672-8300
Email:  john.duffey@maslon.com
        clayton.carlson@maslon.com

**ATTORNEYS FOR PLAINTIFF**
**HMONG COLLEGE PREP ACADEMY**