# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| Hmong College Prep Academy,<br><br>    Plaintiff,<br><br>v.<br><br>Woodstock Capital, LLC, and Clark Reiner,<br><br>    Defendants. | Case No.: 21-CV-1721 (PAM/BRT)<br><br>**PLAINTIFF'S ANSWERS TO DEFENDANTS' INTERROGATORIES** |

**TO:** Defendants Woodstock Capital, LLC and Clark Reiner, by and through their attorney of record (Mathew M. Meyer, Meyer Law Office, 437 4th Ave. East, Shakopee, MN 55379).

Pursuant to Rules 33, 34, and 36 of the Federal Rules of Civil Procedure, Plaintiff Hmong College Prep Academy ("HCPA" or "Plaintiff") submits the following answers and objections (the "Answers," and each an "Answer") to Defendants' Interrogatories to Plaintiff ("Interrogatories") served in connection with the above-captioned action (the "Action") by Defendants Woodstock Capital, LLC, and Clark Reiner ("Woodstock," "Reiner" or "Defendant(s)").

## GENERAL OBJECTIONS

All of the General Objections set forth below are hereby incorporated by reference into each specific Answer set forth below, and have the same force and effect as if fully set forth therein.

Plaintiff objects to the Interrogatories to the extent that they seek to impose a continuing duty to supplement or otherwise require actual supplementation beyond that

required by the applicable Federal Rules of Civil Procedure. Plaintiff reserves the right to, and will, supplement its Answers as required by the applicable Federal Rules of Civil Procedure.

Plaintiff objects to Defendants' use of the Answers in any way that would violate the Federal Rules of Civil Procedure, including without limitation Federal Rule of Civil Procedure 36. Pursuant to Rule 36(b), any admission made by is for the purpose of the Action only and is not an admission for any other purpose; nor may these Answers be used against it in any other proceeding or action.

The Answers set forth below are for the purposes of discovery only, and Plaintiff neither waives nor intends to waive, but expressly reserves, any and all objections it may have to the relevance, competence, materiality, admissibility, or use at any trial or evidentiary hearing in the Action of any information produced, identified, or referred to herein, or to the introduction of any evidence at any trial or evidentiary hearing in the Action relating to the subjects covered by these Answers. The absence of a specific objection to any Interrogatory shall not be interpreted as a representation that responsive information exists or that acknowledges the appropriateness of that Interrogatory. Furthermore, Plaintiff reserves the right to object to further discovery into the subject matter of the Interrogatories.

Plaintiff objects to the Interrogatories on the grounds that it has not completed discovery in this Action or its preparation for any trial or evidentiary hearing that may be held in this Action. For these reasons, there may exist information or documents of which Plaintiff does not yet have knowledge or has not yet located, identified, or reviewed. The

Answers set forth below are based only on the information and documents that are presently known or available to Plaintiff. Plaintiff reserves all rights to supplement or amend these Answers.

Plaintiff objects to the Interrogatories to the extent that they are duplicative of one another, cumulative, seek information or documents that have already been produced by Plaintiff in conjunction with its Initial Disclosures in this Action, or seek information or documents that may be obtained from other sources or through other means of discovery that are more convenient, more efficient, more practical, less burdensome, and/or less costly.

Plaintiff objects to the Interrogatories to the extent they seek information or documents in the public domain that are thereby equally accessible to Defendants. Plaintiff's disclosure of any such information or documents shall not be deemed a waiver of this objection as it applies to other information or documents in the public domain.

Plaintiff objects to the Interrogatories to the extent they require Plaintiff to create responsive documents, rather than merely produce documents that currently exist and are in Defendants' possession, custody, or control.

Plaintiff has numerous employees, and a significant amount of time has passed since most (if not all) of the events underlying the allegations, claims, and defenses in this Action took place. For these reasons, Plaintiff objects to the Interrogatories to the extent they require Plaintiff to do anything other than conduct a reasonable search—within a reasonable timeframe—of the sources reasonably likely to contain responsive information and documents.

Plaintiff objects to the Interrogatories to the extent they seek the disclosure of information or documents protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege, doctrine, or immunity. The inadvertent disclosure of any such protected material shall not constitute a waiver of any privilege, protection, or immunity, and Plaintiff and its counsel reserve the right to demand the return of any such inadvertently disclosed information.

Plaintiff objects to the Interrogatories to the extent they seek information and documents protected by statutory, regulatory, contractual, court-ordered, or common law restrictions on disclosure. The inadvertent disclosure of any such protected material shall not constitute a waiver of any privilege, protection, or immunity, and Plaintiff and its counsel reserve the right to demand the return of any such inadvertently disclosed information.

Plaintiff objects to the Interrogatories to the extent they seek to impose on Plaintiff an obligation that is greater than or different from those set forth in the Federal Rules of Civil Procedure, including Rules 26, 33, 34, and 36, the Local Rules, or any other applicable rule or court order, including any order governing e-discovery or ESI.

Plaintiff objects to the Interrogatories to the extent that they are vague, ambiguous, overbroad, or unduly burdensome. Plaintiff likewise objects to the Interrogatories to the extent that they seek documents and information not relevant to the subject matter of the Action, and/or seek documents and information not relevant to a party's claim or defense.

Plaintiff objects to the Interrogatories to the extent that they seek documents or information not in the possession, custody, or control of Plaintiff. The Answers are based

4

solely on information known or available to Plaintiff. Plaintiff reserves the right to supplement its Answers in the event that additional documents or information are located or identified. Plaintiff's Answers are not intended to be an admission or representation that additional or different documents, information, or facts do not exist.

An Answer to a specific Interrogatory which states that Plaintiff will produce documents is not a representation that such documents exist or have ever existed, but instead is a representation that, to the extent such documents do exist, are in the possession, custody, or control of Plaintiff, and can be located through a reasonable search, they will be produced in accordance with the terms of the Answers at a time mutually agreed upon by Plaintiff and Defendants.

By responding to the Interrogatories or producing any documents, Plaintiff does not admit to Defendants' characterization of any documents, facts, theories, or conclusions; nor does Plaintiff admit that any such Answers or documents reflect any fact, conclusion, or characterization.

Plaintiff objects to the Interrogatories to the extent they contain legal conclusions or inaccurate, incomplete, or misleading descriptions of the facts, persons, events, and pleadings in the Action. Any Answers in response to Interrogatories shall not constitute Plaintiff's agreement with, or admission to, any such description.

Plaintiff objects to the Interrogatories to the extent they are not proportional when considering the burden or expense of the proposed discovery weighed against its likely benefit, given the matters at issue in the Action and other relevant considerations. Plaintiff objects to the Interrogatories to the extent they seek documents and information that

requires extensive or unreasonable investigation by Plaintiff. Such Interrogatories are calculated to harass Plaintiff and are overly broad and unduly burdensome.

The foregoing General Objections shall be considered as made, to the extent applicable, in response to each Interrogatory hereunder, and/or the Objections to Instructions, as if the General Objections were fully set forth in each Answer or in each of the Objections to Instructions. The failure of Plaintiff to include any objection in any of the Answers shall not be construed as a waiver of Plaintiff's right to interpose such objection in the future.

## ANSWERS TO INTERROGATORIES

**INTERROGATORY NO. 1:** Identify every fact that supports or tends to support Your claims against Defendant Clark Reiner, including in Your answer the identity of every document referenced or related to Your answer and the identity of each Person with knowledge of such facts.

**ANSWER:** Plaintiff objects that this Interrogatory is a premature contention interrogatory, which Plaintiff will not be able to answer until the conclusion of fact and expert discovery. Plaintiff also objects that this interrogatory seeks information protected by the attorney-client privilege and the attorney work-product doctrine. Plaintiff further objects to this Interrogatory to the extent it calls for a legal conclusion. Subject to these objections and without waiving its General Objections, Plaintiff identifies the following persons with knowledge of such facts:

| NAME | SUBJECTS OF INFORMATION |
|---|---|
| Dr. Christianna Hang<br><br>*Can be contacted through counsel for HCPA* | Allegations and claims set forth in the Complaint, including but not limited to communications with Defendants and their agents and the actions and representations of Defendants and their agents leading up to and subsequent to HCPA signing the Subscription Agreement. |
| Crystal Robideau, Board Member, HCPA<br><br>*Can be contacted through counsel for HCPA* | Allegations and claims set forth in the Complaint, including but not limited to communications with Defendants and their agents and the actions and representations of Defendants and their agents leading up to and subsequent to HCPA signing the Subscription Agreement. |
| Christy Yongvang, Board Member, HCPA<br><br>*Can be contacted through counsel for HCPA* | Allegations and claims set forth in the Complaint, including communications with Defendants and their agents concerning HCPA's investment. |
| Maisian Schuing, Board Member, HCPA<br><br>*Can be contacted through counsel for HCPA* | Allegations and claims set forth in the Complaint, including communications with Defendants and their agents concerning HCPA's investment. |
| Fue Vue, Board Member, HCPA<br><br>*Can be contacted through counsel for HCPA* | Allegations and claims set forth in the Complaint, including communications with Defendants and their agents concerning HCPA's investment. |
| Mee Vang, Board Member, HCPA<br><br>*Can be contacted through counsel for HCPA* | Allegations and claims set forth in the Complaint, including communications with Defendants and their agents concerning HCPA's investment. |
| Lisa Bonko, Consultant, HCPA<br><br>*Can be contacted through counsel for HCPA* | Allegations and claims set forth in the Complaint, including communications with Defendants and their agents concerning HCPA's investment. |
| Jason Helgemoe, Former Board Member, HCPA<br><br>*Can be contacted through counsel for HCPA* | Allegations and claims set forth in the Complaint, including communications with Defendants and their agents concerning HCPA's investment. |

| | |
|---|---|
| Dennis Hoogeveen, ClitonLarsonAllen LLP | Communications with Defendants and their agents concerning HCPA's investment. |
| Ezra Koetz, CliftonLarsonAllen LLP | Communications with Defendants and their agents concerning HCPA's investment. |
| Nick Taintor, BerganKDV | Communications with Defendants and their agents concerning HCPA's investment. |
| Clark Reiner, Woodstock<br><br>*Address Known to Defendants* | Allegations and claims set forth in the Complaint, including but not limited to communications with Defendants and their agents and the actions and representations of Defendants and their agents leading up to and subsequent to HCPA signing the Subscription Agreement. |
| James Morris, Woodstock<br><br>*Address Known to Defendants* | Allegations and claims set forth in the Complaint, including but not limited to communications with Defendants and their agents and the actions and representations of Defendants and their agents leading up to and subsequent to HCPA signing the Subscription Agreement. |
| Paul Brown, Woodstock<br><br>*Address Known to Defendants* | Allegations and claims set forth in the Complaint, including but not limited to communications with Defendants and their agents and the actions and representations of Defendants and their agents leading up to and subsequent to HCPA signing the Subscription Agreement. |
| Bill Miller, Attorney for Woodstock<br><br>*Address Known to Defendants* | Allegations and claims set forth in the Complaint, including but not limited to communications with Defendants and their agents and the actions and representations of Defendants and their agents leading up to HCPA signing the Subscription Agreement. |
| Employees and Agents of Circle Partners, Fund Administrator<br><br>*Address Known to Defendants* | Communications with Defendants and their agents concerning HCPA's investment. |

8

| Employees and Agents of SS&C GlobeOp, Former Fund Administrator  *Address Known to Defendants* | Communications with Defendants and their agents concerning HCPA's investment. |
|---|---|
| Any witnesses identified by Defendants in their Rule 26(a)(1) Initial Disclosures | Such witnesses may have information related to the allegations, claims, or defenses set forth in the Complaint, Answer, and Affirmative Defenses, and may have other discoverable information as identified in Plaintiff's and/or Defendants' Initial Disclosures. |

Plaintiff also identifies the following individuals as people with knowledge of such facts: employees and agents of Marex Spectron. Pursuant to Federal Rule of Civil Procedure 33(d), Plaintiff directs Defendants to Paragraphs 1 through 43 of the Complaint in this matter, as well as the documents produced in Plaintiff's Initial Disclosures, identified by Bates range HCPA_Woodstock Lit_0000001 through 0002562, and Plaintiff's forthcoming document production in response to Defendants' Requests for Production, and documents produced in Defendants' Responses to Plaintiff's Requests for Production, Bates labeled WGP-000001 through WGP-004839. Plaintiff reserves its right to supplement its answer to this Interrogatory, as discovery is continuing.

**INTERROGATORY NO. 2:** With respect to the Documents You identified as "Side Letter 1" and "Side Letter 2" (collectively the "Side Letters"), attached to Your Request for Admissions to Defendant Woodstock GP, if You contend that Woodstock Hedge Fund's investment activities were inconsistent with the substance of the Side Letters, describe with specificity how the investment activities described therein were not complied with and Identify all facts and Documents which support or tend to support Your contention.

**ANSWER:** Plaintiff objects that this Interrogatory is a premature contention interrogatory, which Plaintiff will not be able to answer until the conclusion of fact and

9

expert discovery. Plaintiff also objects that this interrogatory seeks information protected by the attorney-client privilege and the attorney work-product doctrine. Plaintiff further objects to this Interrogatory to the extent it calls for a legal conclusion. Subject to these objections and without waiving its General Objections, Plaintiff responds that Defendants have not yet produced sufficient documentation to show how Defendants invested Plaintiff's funds, however, the information that has been provided to date indicates that the investments made by Defendants were not limited to the investments agreed-upon in the two Side Letters. Pursuant to Federal Rule of Civil Procedure 33(d), Plaintiff further directs Defendants to the documents produced in Defendants' Responses to Plaintiff's Requests for Production, Bates labeled WGP-000001 through WGP-004839. Plaintiff reserves its right to supplement its answer to this Interrogatory, as discovery is continuing.

**INTERROGATORY NO. 3:** Describe in detail all Communications between or among You and any outside professional(s) advising You regarding any investments or proposed investments in any hedge funds, or similar investment institution, from January 1, 2018 to December 31, 2021 (including, but not limited to, all communications between or among Dr. Hang, James Martin, Christine Wordes and Taylor Fish, BerganKDV.)

**ANSWER:** Plaintiff objects to this interrogatory as seeking information protected by the attorney-client privilege and the attorney work-product doctrine. Plaintiff objects to this interrogatory as seeking information not relevant to any party's claims or defenses. Plaintiff further objects to this Interrogatory as vague and ambiguous, as the phrase "in detail" is undefined and subject to multiple interpretations. Subject to these objections and without waiving its General Objections, pursuant to Federal Rule of Civil Procedure 33(d), Plaintiff directs Defendants to documents produced in Plaintiff's Initial Disclosures, identified by Bates range HCPA_Woodstock Lit_0000001 through 0002562, and Plaintiff's

forthcoming production in response to Defendants' Requests for Production. Plaintiff reserves its right to supplement its answer to this Interrogatory, as discovery is continuing.

**INTERROGATORY NO. 4:** Describe in detail any due diligence conducted by or on behalf of HCPA regarding its investment in Woodstock Hedge Fund, including the Identity of each Person involved in said due diligence, any Communications relating to said due diligence, and Identify any Documents referencing, relating to or evidencing said due diligence.

**ANSWER:** Plaintiff objects to this interrogatory as seeking information protected by the attorney-client privilege and the attorney work-product doctrine. Plaintiff further objects to this interrogatory as vague and ambiguous, as the term "due diligence" is undefined and subject to multiple interpretations. Subject to these objections and without waiving its General Objections, pursuant to Federal Rule of Civil Procedure 33(d), Plaintiff directs Defendants to documents produced in Plaintiff's Initial Disclosures, identified by Bates range HCPA_Woodstock Lit_0000001 through 0002562, and Plaintiff's forthcoming production in response to Defendants' Requests for Production. Plaintiff reserves its right to supplement its answer to this Interrogatory, as discovery is continuing.

**INTERROGATORY NO. 5:** Identify with specificity each Person HCPA considered as a source of "funding" for the capital improvements identified and discussed in Paragraph 3, of the September 8, 2021 Declaration of Dr. Christanna Hang in Opposition to Defendants' Motion to Dismiss or Transfer Venue, including in Your response any Communications with such Person relating to any such proposed investment or contribution.

**ANSWER:** Plaintiff objects that this Interrogatory as vague and ambiguous because the terms "considered as a source of 'funding'" and "capital improvements" are undefined and subject to multiple interpretations. Plaintiff further objects to this Interrogatory as seeking information that is not relevant to any party's claims or defenses. Subject to these

11

objections and without waiving its General Objections, Plaintiff was willing to consider accepting funding from any Person that would donate to HCPA, and also considered raising revenue through other means of financing such as investments and selling bonds. Specifically, Plaintiff reached out to Persons who had supported the school in the past to inquire into whether they would help Plaintiff fund its capital improvements. One of these persons was Kay Yang, whose group AK Equity Group had previously sponsored a school meal and a school picnic. Kay Yang put HCPA into contact with Defendants, and HCPA also considered and ultimately did invest with Defendants. Pursuant to Federal Rule of Civil Procedure 33(d), Plaintiff further directs Defendants to documents produced in Plaintiff's Initial Disclosures, identified by Bates range HCPA_Woodstock Lit_0000001 through 0002562, and Plaintiff's forthcoming production in response to Defendants' Requests for Production.

**INTERROGATORY NO. 6:** Identify every investment made by HCPA since January 1, 2015.

**ANSWER:** Plaintiff objects to this interrogatory as overbroad and unduly burdensome because it seeks information not relevant to any party's claims or defenses. Additionally, this interrogatory is temporally broad because it sees information relating to investments that pre-date the allegations in the Complaint and have no relevance to any party's claims or defenses. Subject to these objections and without waiving its General Objections, Plaintiff answers that on or about September 6, 2019, Plaintiff entered into an agreement whereby it invested $5 million with Defendants' Hedge Fund.

**INTERROGATORY NO. 7:** Identify every Communication relating to, referencing, or evidencing the investment made with the Woodstock Hedge Fund that was recorded, by

audio, video, or otherwise, and for each such recording, identify the present location of said recording and, if the recording has since been destroyed, describe in detail the circumstances under which it was destroyed.

**ANSWER:** Subject to and without waiving its General Objections, pursuant to Federal Rule of Civil Procedure 33(d), at this time, Plaintiff does not believe that any such communications exist. Discovery is ongoing and Plaintiff will produce Documents responsive to this request if and at such a time as Plaintiff determines that any such responsive Documents exist.

**INTERROGATORY NO. 8:** If HCPA contends that Defendants made any false representations of fact, identify with specificity the alleged misrepresentation, and every fact that supports or tends to support Your contention that the representation was false.

**ANSWER:** Plaintiff objects that this Interrogatory is a premature contention interrogatory, which Plaintiff will not be able to answer until the conclusion of fact and expert discovery. Plaintiff also objects that this interrogatory seeks information protected by the attorney-client privilege and the attorney work-product doctrine. Plaintiff further objects to this Interrogatory to the extent it calls for a legal conclusion. Subject to these objections and without waiving its General Objections, Plaintiff answers that Defendants made multiple false representations of fact, including the representations contained within the documents identified herein as Side Letter 1 and Side Letter 2. Similar misrepresentations were made orally, and via email. Defendants also misrepresented the performance of the hedge fund, attaching "representative statements" showing significant returns when, in fact, HCPA was to be the first investor in Defendants' hedge fund. Defendants' agents, including Paul Brown, also made multiple misrepresentations to Plaintiff that its investment was "all there" and that the account statements received by

Plaintiff merely represented draw-downs as funds were invested. Pursuant to Federal Rule of Civil Procedure 33(d), Plaintiff also refers Defendants to the documents produced in Plaintiff's Initial Disclosures, identified by Bates range HCPA_Woodstock Lit_0000001 through 0002562, Plaintiff's forthcoming production in response to Defendants' Requests for Production, and Defendants' Responses to Plaintiff's Requests for Production, Bates labeled WGP-000001 through WGP-004839. Plaintiff reserves its right to supplement its answer to this Interrogatory, as discovery is continuing.

**INTERROGATORY NO. 9:** If You contend that Defendants were negligent in the management of the Woodstock Hedge Fund, identify with specificity each act or omission You contend was negligent, the duty of care that was allegedly breached, and the specific damages arising from said negligent act.

**ANSWER:** Plaintiff objects that this Interrogatory is a premature contention interrogatory, which Plaintiff will not be able to answer until the conclusion of fact and expert discovery. Plaintiff also objects that this interrogatory seeks information protected by the attorney-client privilege and the attorney work-product doctrine. Plaintiff further objects to this Interrogatory to the extent it calls for a legal conclusion. Subject to these objections and without waiving its General Objections, Plaintiff refers Defendants to Paragraphs 25 through 43 of the Complaint in this matter, and pursuant to Federal Rule of Civil Procedure 33(d) refers Defendants to the documents produced in Plaintiff's Initial Disclosures, identified by Bates range HCPA_Woodstock Lit_0000001 through 0002562, Plaintiff's forthcoming production in response to Defendants' Requests for Production, and Defendants' Responses to Plaintiff's Requests for Production, Bates labeled WGP-000001

through WGP-004839. Plaintiff reserves its right to supplement its answer to this Interrogatory, as discovery is continuing.

**INTERROGATORY NO. 10:** If You contend that Defendants engaged in any intentional misconduct or illegal activity with respect to the management of Woodstock Hedge Fund and/or the investments made by HCPA, identify with specificity each act or omission You contend was an intentional breach of a duty to HCPA, the facts that support Your contention, the Identity of each Person with knowledge regarding those actions or omissions, and identify with specificity the damages arising from said actions or omissions.

**ANSWER:** Plaintiff objects that this Interrogatory is a premature contention interrogatory, which Plaintiff will not be able to answer until the conclusion of fact and expert discovery. Plaintiff also objects that this interrogatory seeks information protected by the attorney-client privilege and the attorney work-product doctrine. Plaintiff further objects to this Interrogatory to the extent it calls for a legal conclusion. Subject to these objections and without waiving its General Objections, Plaintiff refers Defendants to Paragraphs 25 through 43 of the Complaint in this matter, and pursuant to Federal Rule of Civil Procedure 33(d) further refers Defendants to the documents produced in Plaintiff's Initial Disclosures, identified by Bates range HCPA_Woodstock Lit_0000001 through 0002562, Plaintiff's forthcoming production in response to Defendants' Requests for Production, and Defendants' Responses to Plaintiff's Requests for Production, Bates labeled WGP-000001 through WGP-004839. Plaintiff reserves its right to supplement its answer to this Interrogatory, as discovery is continuing.

**INTERROGATORY NO. 11:** For each of the five Counts set forth in Your Complaint, identify each fact and/or Document that supports or tends to support the claims set forth in each Count, and identify every individual with knowledge of those facts.

**ANSWER:** Plaintiff objects that this Interrogatory is a premature contention interrogatory, which Plaintiff will not be able to answer until the conclusion of fact and expert discovery. Plaintiff also objects that this interrogatory seeks information protected by the attorney-client privilege and the attorney work-product doctrine. Plaintiff further objects to this Interrogatory to the extent it calls for a legal conclusion. Subject to these objections and without waiving its General Objections, Plaintiff refers Defendants to Paragraphs 25 through 43 of the Complaint in this matter, and pursuant to Federal Rule of Procedure 33(d) further refers Defendants to the documents produced in Plaintiff's Initial Disclosures, identified by Bates range HCPA_Woodstock Lit_0000001 through 0002562, Plaintiff's forthcoming production in response to Defendants' Requests for Production, and Defendants' Responses to Plaintiff's Requests for Production, Bates labeled WGP-000001 through WGP-004839. Plaintiff reserves its right to supplement its answer to this Interrogatory, as discovery is continuing.

**INTERROGATORY NO. 12:** With respect to the damages You allege in Your complaint, if You contend that those damages arose, wholly or partially, from the investment decisions and activities of the Defendants, rather than the general decline in value of market investments resulting from the global COVID-19 pandemic, Identify every fact or Document that supports or tends to support Your contention, and provide calculations specifying what, if any, portion of the overall loss arising from the investments made by Woodstock Hedge Fund specifically resulted from Defendants' alleged wrongdoing, and how such calculations were made.

**ANSWER:** Plaintiff objects that this Interrogatory is a premature contention interrogatory, which Plaintiff will not be able to answer until the conclusion of fact and expert discovery. Plaintiff also objects that this interrogatory seeks information protected by the attorney-client privilege and the attorney work-product doctrine. Plaintiff further

objects to this Interrogatory to the extent it calls for a legal conclusion. Subject to these objections and without waiving its General Objections, Plaintiff refers Defendants to Paragraphs 25 through 43 of the Complaint in this matter, and pursuant to Federal Rule of Civil Procedure 33(d) further refers Defendants to the documents produced in Plaintiff's Initial Disclosures, identified by Bates range HCPA_Woodstock Lit_0000001 through 0002562, Plaintiff's forthcoming production in response to Defendants' Requests for Production, and Defendants' Responses to Plaintiff's Requests for Production, Bates labeled WGP-000001 through WGP-004839. Plaintiff reserves its right to supplement its answer to this Interrogatory, as discovery is continuing.

*As to Answers:*

Dated: May 16, 2022                     By: _____
                                            Danijela Duvnjak
                                            Hmong College Prep Academy
                                            Chief Academic Officer

*As to Objections:*

**MASLON LLP**

Dated: May 16, 2022                     By: *s/ Clayton J. Carlson*
                                            John T. Duffey (#0392157)
                                            Clayton J. Carlson (#0401182)
                                        3300 Wells Fargo Center
                                        90 South Seventh Street
                                        Minneapolis, MN 55402-4140
                                        Telephone: (612) 672-8200
                                        Facsimile: (612) 672-8300
                                        Email:   john.duffey@maslon.com
                                                 clayton.carlson@maslon.com

                                        **ATTORNEYS FOR PLAINTIFF
                                        HMONG COLLEGE PREP ACADEMY**